**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-27017-BLOOM**

YORMAN OROZCO GALINDO,

Petitioner,

v.

WARDEN, South Florida Detention Center,

Respondent.
_________________________________/

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION AS MOOT**

**THIS CAUSE** is before the Court upon Petitioner Yorman Orozco Galindo's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. [1]. Petitioner challenges his immigration detention in the Krome North Service Processing Center in Miami, Florida. *Id.* ¶ 2. For the following reasons, the Petition must be dismissed as moot.

On October 7, 2026, the Court granted Petitioner's Motion for Leave to Proceed *In Forma Pauperis* and ordered Respondent to show cause why the Petition should not be granted. ECF No. [4]. The Court further ordered Respondent to not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. *Id.* On October 11, 2026, Respondent filed a Response to the Order to Show Cause and Motion to Dismiss as Moot, stating Petitioner was removed from the United States on October 5, 2026, two days before the Court's Order to Show Cause prohibiting Petitioner's removal. ECF No. [5] at 2; *see also* ECF Nos. [5-3], [5-4]. As a result of Petitioner's removal, Respondent argues the Petition and Petitioner's prayer for an order requiring his release or an individualized bond hearing is moot. *Id.* The Court agrees.

This Court's jurisdiction is limited to Article III of the Constitution's definition of "cases"

or "controversies." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id*. at 1242 (quotation omitted). The case-or-controversy requirement applies through all stages of the litigation. *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477 (1990). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

For a federal court to have subject-matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, an immigrant detainee files a § 2241 petition requesting release, the case becomes moot and the court loses jurisdiction once the immigrant is released from custody. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

Here, Petitioner satisfied the "in custody" requirement at the time he filed the Petition, but his subsequent release from custody has rendered his Petition moot. Petitioner sought release from custody, ECF No. [1], which has now occurred, ECF No. [5] at 2, *see also* ECF Nos. [5-3], [5-4]. Because Respondent cannot grant such relief post-release, no case or controversy exists. *See Djadju*, 32 F.4th at 1107 ("Since Djadju already has been released from custody, his prayer for relief has been satisfied."); *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) ("Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" (citing *Spencer v. Kemna*, 523 U.S. 1, 18 (1998))).

Furthermore, no exception to the mootness doctrine is implicated because there is no indication Petitioner will be returned to Immigration and Customs Enforcement custody in the near future. *See Djadju*, 32 F.4th at 1109 ("[T]here's no reasonable basis for us to believe that Djadju will be re-detained unlawfully upon termination of this suit."); *Al Najjar*, 273 F.3d at 1336 ("The remote possibility that an event might recur is not enough to overcome mootness . . . ."). Accordingly, this Court lacks jurisdiction over this case, and dismissal is required. *See Al Najjar*, 273 F.3d at 1336 ("[D]ismissal is required because mootness is jurisdictional.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DISMISSED AS MOOT**.
2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 13, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

Counsel of Record

**Yorman Orozco Galindo**
240- 210-906
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE